UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re

MICHAEL JOSEPH SINDRAM,

      Debtor.

___

MICHAEL JOSEPH SINDRAM,

      Appellant,

v.

JAMISON CONDOMUNIMUM
ASSOCIATION,

      Appellee.

Civil Action Nos.     11-1918 (RCL)

**FILED**

DEC 2 0 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM AND ORDER

Appellant Michael Joseph Sindram appeals three orders entered by the U.S. Bankruptcy Court for the District of Columbia in the adversary proceeding *Sindram v. Jamison Condominium Assc.*, et al., Bankr. No. 09-10037. Upon consideration of the appellant's brief in Civil No. 11-1918 [4], the applicable law, and the entire record herein, the Court will affirm the Bankruptcy Court in both appeals.

The appellant has been described in multiple cases as a "serial litigant" who repeatedly files frivolous actions. *See, e.g.*, *In re Sindram*, No. 11-1220, 2011 U.S. Dist. LEXIS 73339, *1 (D.D.C. July 8, 2011); *see also, e.g., Sindram v. Superior Court District of Columbia*, Nos. 10-1194, 11-307, 11-862, 2011 U.S. Dist. LEXIS 65353 (D.D.C. June 21, 2011); *In re Sindram*, 747

1

F. Supp. 2d 1 (D.D.C. 2010); *Sindram v. Superior Court District of Columbia*, No. 10-1397, 2011 U.S. Dist. LEXIS 140407 (D.D.C. Sept. 22, 2010). Indeed, the appellant has been enjoined from filing any new matters in this District Court without obtaining leave from the Court, as opinions involving this same appellee explain. *See Sindram v. Jamison Condo. Ass'n*, Civil Nos. 09-2356 *et al.*, 2010 U.S. Dist. LEXIS 143393 (D.D.C. Aug. 9, 2010). Further, the appellant has been enjoined from filing in the United States Supreme Court, *see In re Michael Sindram*, 498 U.S. 177 (1991), and in the D.C. Circuit Court of Appeals, *see, e.g., Sindram v. Comm'r of Int. Rev. Serv*, No. 03-1275, 2003 U.S. App. LEXIS 19086 (D.C. Cir. Spet. 15, 2003), as well as in numerous other state and federal courts.

The appeals at issue in the instant case arise out of the appellant's attempt to resuscitate his bankruptcy proceeding against the appellee, almost two years after the Bankruptcy Court terminated that case. The appellant filed his complaint against Jamison Condominium Association on October 6, 2009. Following a hearing on October 13, 2009, the Bankruptcy Court entered an order dismissing the adversary proceeding for lack of subject-matter jurisdiction. The case was closed on November 5, 2009.

The appellant then filed an amended verified complaint and motions for a temporary restraining order and a preliminary injunction on August 3, 2011, in the same adversary proceeding that had been closed in 2009. The Bankruptcy Court issued an order striking the complaint on August 8, 2011. The appellant filed a motion for clarification and modification, and a notice of appeal of that order to the district court, on August 15, 2011. That appeal is before the Court as Civil No. 11-1679. The Bankruptcy Court issued an order to show cause why the debtor Sindram ought not be barred from filing further papers without leave of the court on September 6, 2011. The appellant then filed a reappointment of counsel with notice and an

opportunity to be heard with respect to the order to show cause. The Bankruptcy Court issued separate orders denying the motion for reappointment of counsel and barring the appellant from filing further papers without leave of court on September 21, 2011. The appellant filed a notice of appeal of those two orders on September 28, 2011. Those appeals are before the Court as Civil No. 11-1918.

This Court reviews the Bankruptcy Court's decision to strike the appellant's amended complaint for an abuse of discretion. *See, e.g., Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Hawkins v. Landmark Fin Co.*, 727 F.2d 324, 326-27 (4th Cir. 1984). Here, appellant provided no explanation to the Bankruptcy Court as to why he should be allowed to amend his complaint. Indeed, the Bankruptcy Court dismissed the 2009 adversary proceeding because the appellant's claim was not founded on bankruptcy law and the court thus lacked subject-matter jurisdiction; review of the appellant's amended complaint shows he has failed to cure this infirmity. There is absolutely no basis in the record for the Court to find any abuse of discretion on the part of the Bankruptcy Court in striking the appellant's amended complaint.

This Court also reviews the Bankruptcy Court's decision to enjoin the appellant from further frivolous filings for an abuse of discretion. *See, e.g., In re Casse*, 198 F.3d 327, 341 (2d Cir. 1999) ("Reviewing courts will affirm a bankruptcy court's order barring subsequent filings by a particular debtor if they can discern neither legal nor factual error, nor abuse of discretion, in the bankruptcy court's ruling." (quotations and citations omitted)); *id.* at 337-339 (collecting cases). Again, there is absolutely no basis in the record for this Court to find any abuse of discretion on the part of the Bankruptcy Court in barring the appellant from further filings. The appellant's extensive history as a serial filer has led courts time and again to enjoin the appellant from, and to sanction him for, frivolous filings. His attempt to reinstitute an adversary

3

proceeding that had been dismissed nearly two years prior for lack of subject-matter jurisdiction, without any explanation or attempt to resolve the jurisdictional defect, warrants such an injunction.

The appellant's argument, such as it is, for reversing the Bankruptcy Court rests on an unpublished decision of the Court of Appeals for the Fourth Circuit, *Sindram v. Harrington*, 405 Fed. Appx. 805 (4th Cir. 2010). There, the Court reversed the district court's order imposing a pre-filing injunction against the same appellant as in this case, because the district court failed to provide the appellant with prior notice and opportunity to be heard. The appellant seems to argue that here too he was denied the requisite notice and opportunity to be heard. This is patently false; the Bankruptcy Court did not issue the injunction *sua sponte* but instead first issued an order to show cause why the appellant should not be barred from further filings. The order to show cause constituted sufficient notice and opportunity to be heard. *Cf. id.* at 819-20 (noting that district court issued an order to show cause with respect to contempt, but not with respect to pre-filing injunction). Indeed, appellant took advantage of his opportunity to be heard by filing a response, titled "Reappointment of Counsel with Notice and an Opportunity to be Heard 'Order to Show Cause Why Debtor [Michael Joseph] Sindram Ought Not be Barred from Filing Further Papers In This Court Without Leave of Court'" and filed 13 days after the Bankruptcy Court issued its order to show cause. This response was wholly inadequate—it is devoid of legal analysis, except insofar as it unironically cites to the aforementioned Fourth Circuit decision. The Bankruptcy Court accordingly provided appropriate notice and opportunity to be heard before it entered its injunction.

Finally, the Court cannot find an abuse of discretion in the Bankruptcy Court's decision not to appoint counsel to aid the appellant in resisting an injunction against further filings when

4

the merits of such an injunction are so evident. *See, e.g., Jones v. United States*, 355 Fed. Appx. 117, 119-120 (10th Cir. 2009) (reviewing district court refusal to appoint counsel for indigent inmate in civil case for abuse of discretion, and affirming where appointed counsel would likely not achieve a different result).

It is therefore hereby

**ORDERED** that the orders of the Bankruptcy Court striking the appellant's amended complaint, denying his motion for reappointment of counsel, and enjoining him from further filings are **AFFIRMED**; and it is further

**ORDERED** that the appellant remain enjoined from filing any new matters in the U.S. District Court for the District of Columbia, and remain enjoined from filing any papers in the U.S. Bankruptcy Court for the District of Columbia. Before filing any new matters in the District Court, the appellant must seek and obtain approval from the Chief Judge of the District Court; before filing any papers in the Bankruptcy Court, the appellant must seek and obtain approval from that court. To obtain approval, the appellant must file a motion or application pursuant to the terms of the District Court's Order in *Sindram v. Saunders*, No. 03-2110, 2004 U.S. Dist. LEXIS 31459 (D.D.C. Aug. 11, 2004), or the Bankruptcy Court order at issue in the instant appeal.

**SO ORDERED** this 26th day of December 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court